# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | | |
|---|---|---|---|
| STATE OF DELAWARE | : | ID No. 1502003769 | |
| | : | In and for Kent County | |
| v. | : | | |
| | : | | |
| JAQUAN L. HARRIS | : | RK15-02-0485-01 Rape 4th (F) | |
| | : | RK 15-02-0486-01 Consp 2nd (F) | |

## ORDER

Submitted: January 8, 2018
Decided: March 29, 2018

On this 28th day of March, 2018, upon consideration of Jaquan L. Harris' ("Mr. Harris'") Motion for Postconviction Relief, the Commissioner's Report and Recommendation (hereinafter "Report"), Mr. Harris' written objections to the Report and the record in this case, it appears that:

1.    Mr. Harris pled guilty on September 16, 2015 to one count of Rape in the Fourth Degree, which was a lesser-included offense of the charged offense of Rape in the Second Degree Without Consent.   He also pled guilty to one count of Conspiracy in the Second Degree.

2.    After a pre-sentence investigation, the Court sentenced Mr. Harris to a combined eleven years at Level V, suspended after serving nine months, followed by six months at Level IV, followed by one year at Level III probation.    Had Mr. Harris gone to trial and been found guilty of all charges, he faced a potential minimum mandatory sentence of ten years incarceration, with a further potential for up to twenty-seven years incarceration.   He served his Level V time and then completed his probation on December 5, 2017, during the objection period to the Commissioner's Report.

3.    Harris did not appeal his conviction or sentence to the Delaware Supreme

Court. On January 11, 2016, Mr. Harris filed his first *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, alleging ineffective assistance of counsel. The Court set a briefing schedule regarding Mr. Harris' *pro se* motion. Mr. Harris' trial counsel and the State then responded to his allegations. Prior to Mr. Harris filing his reply, Rule 61 counsel entered an appearance in the matter. The Court then granted Mr. Harris additional time to file an amended postconviction motion and set a revised briefing schedule.

4. After several filings from the parties, the Commissioner filed her Report setting forth her reasons for recommending denial of the motion. Mr. Harris then filed an appeal from her Report. At this stage of the process, Mr. Harris attacks only one portion of the Report. Namely, he argues that the Commissioner did not address his argument that trial counsel failed to raise a valid suppression issue, making his plea not knowing, voluntary, or intelligent. The particular issue involves trial counsel's failure to file a suppression motion challenging his allegedly illegal arrest in his home, without an arrest warrant. He argues that such a failure requires collateral relief from his conviction notwithstanding the fact that his incriminating statements were given after he received *Miranda* warnings, and waived his rights.

5. In support of his claim, Mr. Harris first relies upon the dissent in the United States Supreme Court case *New York v. Harris*.[1] In his written objections, Mr. Harris candidly concedes that the majority in that decision found no Constitutional violation regarding a statement made after a custodial interrogation,

---

[1] 495 U.S. 14 (1990).

notwithstanding that fact that the defendant was arrested earlier in his home without a warrant.[2] The Supreme Court held that in such a situation, suppression was inappropriate as to any statements made by the Defendant provided there was a valid waiver under *Miranda v. Arizona*[3] and provided there was otherwise probable cause for his arrest.[4] Here, Mr. Harris made statements during his custodial interrogation *after* the police advised him of his *Miranda* rights, and he waived them. Furthermore, as correctly noted by the Commissioner in her Report, there was adequate probable cause to believe he had committed a crime, as evidenced by an unchallenged search warrant that was issued regarding his house prior to the time of his questioning.

6. Since Mr. Harris cites no authority in his Rule 61 Motion that would have provided trial counsel a basis for successfully raising this suppression issue, other than the dissent in the *Harris* decision, the Court finds no error in trial counsel's failure to do so. To not raise a suppression issue based on United States Constitutional law when there is no supportive mandatory authority to suppress the challenged evidence, does not fall below an objective standard of reasonableness.

7. In his objection to the Report, he also focuses on an allegedly higher level of protection provided by the Delaware Constitution. He does not, however, provide support or argument regarding the application of the factors referenced in *Jones v. State*[5], that would be necessary to establish that Article I, Section 6 of the

---

[2] *Id.* at 20-21.
[3] 384 U.S. 436 (1966).
[4] *Harris*, 495 U.S. at 20-21.
[5] 745 A.2d 856 (Del. 1999). In *Jones*, the Supreme Court identified seven criteria necessary to first examine before determining whether Delaware's Constitution provides additional protection above that provided by the United States Constitution. *Id.* at 864-65. In the absence of Mr.

3

Delaware Constitution provides for the additional protection he seeks. In his written objections, he argues that three Delaware Supreme Court cases, *Winston v. State*[6], *Washington v. State*[7], and *Roy v. State*[8], support a finding by this Court that our Delaware Supreme Court would find this additional protection. However, in one of those three decisions, *Washington v. State*, the Delaware Supreme Court cited the *Harris* decision's relevant holding (by the Majority) approvingly. Namely, it recognized that an illegal arrest, in a home without a warrant, does not "form a basis for a suppression of an otherwise valid confession."[9] Furthermore, the other two decisions he cites do not support the premise that the Delaware Supreme Court would find such additional protection on State law grounds. The Court finds that trial counsel's failure to file a suppression motion prior to a guilty plea where there was no Federal or State law basis to do so does not fall below the objective standard of reasonableness required by *Strickland.* Accordingly, Mr. Harris does not meet his burden to establish ineffective assistance of counsel on the basis argued in his objections.

**NOW, THEREFORE,** after a *de novo* review of the record in this matter, for the reasons set forth herein, and also for the reasons stated in the Commissioner's Report and Recommendation dated November 30th, 2017;

**IT IS HEREBY ORDERED** that the Commissioner's Report and

Harris' argument regarding the application of these factors in the instant case, the Court declines to address them.

[6] 620 A.2d 859, 1993 WL 22014 (Del. 1993) (TABLE).
[7] 653 A.2d 306, 1994 WL 716044 (Del. 1994) (TABLE).
[8] 62 A.3d 1183 (Del. 2012).
[9] *Washington*, 1994 WL 716044, at *1.

Recommendation is adopted by the Court in its entirety, as supplemented by this Order. Accordingly, Mr. Harris' Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is **DENIED**.

/s/Jeffrey J Clark
Judge

5